**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Nicole Resto Negrón, personally and on behalf of minor A.G.R.R.,<br><br>Plaintiffs,<br><br>v.<br><br>Department of Education of Puerto Rico and the Commonwealth of Puerto Rico,<br><br>Defendants. | Case No. 26-cv-1661<br><br>Attorney's Fees and Costs Pursuant to 20 U.S.C. § 1415(i)(3)(B) |

# VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege, and pray as follows:

## INTRODUCTION

1. This action is brought by Ms. Nicole Resto Negrón, both personally and on behalf of her minor son, A.G.R.R., to recover reasonable attorney's fees and costs.

2. A.G.R.R. is a child with disabilities within the meaning of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3. This action arises under 20 U.S.C. § 1415(i)(3)(B)(i)(I), which authorizes a federal district court, in its discretion, to award reasonable attorney's fees as part of the costs to a prevailing parent of a child with a disability. See also 34 C.F.R. § 300.517(a)(1)(i).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 20 U.S.C. § 1415(i)(3)(A), which grants the United States district courts jurisdiction over actions brought under section 1415 without regard to the amount in controversy, and under 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in Puerto Rico and all parties reside in Puerto Rico.

**PARTIES**

6. Plaintiff Nicole Resto Negrón is the mother and legal custodian of minor A.G.R.R. See **Exhibit 1**, Unsworn Statement Under Penalty of Perjury signed by Ms. Resto on August 21, 2026.

7. Plaintiff A.G.R.R. is an eight-year-old student with disabilities registered and eligible to the Special Education Program of the Department of Education of Puerto Rico ("PRDOE").

8. A.G.R.R. requires specialized instruction, related services, and supports to receive a free appropriate public education ("FAPE").

9. A.G.R.R. resides with his mother in the Municipality of Bayamón, Puerto Rico.

10. A.G.R.R. is registered with the Department of Education of Puerto Rico ("PRDOE") as a child with disabilities and is assigned to the Bayamón District and Educational Region.

11. As a child with disabilities, A.G.R.R. is entitled under federal and Puerto Rico law to participate in the special-education and related-services program administered by the PRDOE.

12. Plaintiffs request that this Court order defendants to pay the reasonable attorney's fees and costs incurred in administrative due-process case number QEE 2526-05-07-00064, together with the additional reasonable fees and costs incurred in prosecuting this action.

13. The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for administering Puerto Rico's public education system.

14. As a recipient of federal financial assistance under the IDEA, the PRDOE is responsible for providing a FAPE suited to the individual needs of A.G.R.R.

15. The PRDOE's physical address is Tres Monjitas Industrial Park, Federico Costas Avenue at Calaf Street, Hato Rey, Puerto Rico 00919, and its postal address is P.O. Box 190759, San Juan, Puerto Rico 00919-0759.

16. The Commonwealth of Puerto Rico is included as a co-defendant because the PRDOE lacks separate capacity to sue and be sued.

17. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is 677 Teniente César González Street, at Jesús T. Piñero Avenue, San Juan, Puerto Rico 00918, and whose postal address is P.O. Box 9020192, San Juan, Puerto Rico 00902-0192.

## STATEMENT OF THE CASE

18. On July 11, 2025, plaintiffs filed administrative due-process complaint number QEE 2526-05-07-00064, alleging that the PRDOE had denied A.G.R.R. a FAPE.

19. Plaintiffs sought, among other relief, the purchase of appropriate private educational services, assistive-technology equipment, an individual services assistant, educational therapy, an apraxia evaluation, compensatory educational services, and delivery of the student's updated educational record.

20. Administrative Law Judge Rosenille Martínez Cacho presided over the case.

21. After assignment of the case on July 26, 2025, the administrative forum ordered the PRDOE to deliver the student's educational record and scheduled an initial administrative hearing.

22. The administrative hearing began on August 13, 2025. The parties reported on

partial agreements, the evaluation of the student by an external specialized institution, and the information needed to resolve the remaining controversies.

23. At subsequent status proceedings, the external specialized institution evaluated the student and prepared a proposal for an individualized educational program and placement.

24. The PRDOE was afforded time to evaluate the proposal.

25. On October 16, 2025, the administrative forum held a merits hearing and received substantial, credible testimony concerning the specialized institution's qualifications, individualized curriculum, related services, and ability to implement the student's IEP.

26. On October 30, 2025, the administrative forum issued a Partial Resolution finding that the public placement had not provided meaningful educational progress and ordering the immediate purchase of specialized private educational services for the 2025-2026 school year at public expense.

27. The Partial Resolution also ordered a transition plan to protect educational continuity and reserved jurisdiction over plaintiffs' request for compensatory educational services.

28. During the proceedings, the PRDOE agreed to provide the recommended assistive-technology equipment and, if required, an individual services assistant in the new educational setting. All requested remedies were resolved except the amount and implementation of compensatory educational services.

29. On December 4, 2025, the parties filed a joint motion advising that they had resolved the remaining controversy.

30. The parties stipulated that the PRDOE owed the student up to two school years of compensatory educational services, with the precise implementation to be determined by the IEP

team before the student's exit from the special-education program.

31. The record also reflects that the PRDOE authorized the purchase of the specialized private educational program, including tuition, educational services, an individual services assistant, and related therapies.

32. On January 27, 2026, ALJ Martínez Cacho issued a Final Resolution by Agreement.

33. The Final Resolution ratified the Partial Resolution, declared the due-process complaint granted as to the denial of FAPE, incorporated the parties' agreement, ordered the PRDOE to provide the compensatory educational services, and closed the administrative case.

**CAUSE OF ACTION**

34. Plaintiffs re-allege and incorporate paragraphs 1 through 33 of this Verified Complaint.

35. Section 1415(i)(3)(B)(i)(I) of the IDEA authorizes a court, in its discretion, to award reasonable attorney's fees as part of the costs to a prevailing parent of a child with a disability. See also 34 C.F.R. § 300.517(a)(1)(i).

36. The Final Resolution granted record-based relief on the merits, ratified the Partial Resolution, formally adopted the parties' agreement, and imposed enforceable obligations on the PRDOE.

37. The administrative orders materially altered the legal relationship between the parties and bear the official imprimatur required for prevailing-party status. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 604-05 (2001); Doe v. Bos. Pub. Sch., 358 F.3d 20, 29-30 (1st Cir. 2004).

38. The relief was substantial: private educational placement at public expense, related

supports and services, and up to two school years of compensatory education.

39. The Final Resolution is a final administrative order. The period for judicial review elapsed without the PRDOE seeking review, and the relief ordered remains binding.

40. Plaintiffs are entitled to recover reasonable attorney's fees and costs incurred in connection with administrative case number QEE 2526-05-07-00064, together with the additional reasonable fees and costs incurred in prosecuting this federal action.

41. Counsel's detailed invoice for services rendered in administrative case number QEE 2526-05-07-00064 and in preparing this action is submitted as **Exhibit 2**.

42. The time and costs itemized in Exhibit 2 were necessarily incurred in preparing and successfully prosecuting the administrative proceeding and in initiating this civil action.

43. Counsel's hourly rate is $175.00, billed in increments of one tenth of an hour (0.10).

44. The $175.00 hourly rate was approved as reasonable for special-education litigation in Puerto Rico in Vélez-Pellot v. Department of Education of Puerto Rico, Case No. 25-cv-1151 (PAD), ECF No. 22 at 8 (D.P.R. Sept. 30, 2025).

45. Counsel's previous hourly rate of $150.00 was repeatedly approved as reasonable for special-education litigation in Puerto Rico. See Guerrero-Poche v. Dep't of Educ. of P.R., No. 16-2426, 2017 WL 1653268 (D.P.R. May 2, 2017); Ortiz-Cardona v. Dep't of Educ. of P.R., No. 15-3121 (D.P.R. Mar. 24, 2017); Santoni-Marzán v. Dep't of Educ. of P.R., No. 16-2168, ECF No. 19 (D.P.R. Oct. 3, 2016); Pérez-Ortiz v. Dep't of Educ. of P.R., No. 16-2424, ECF No. 17 (D.P.R. Sept. 14, 2016).

46. The undersigned is a sole practitioner with more than twenty-two years of experience actively litigating civil cases in federal and Puerto Rico courts.

47. In May 2000, the undersigned obtained, with honors, a Bachelor of Science in Business Administration with majors in finance and management and a minor in economics from the University of Florida's Warrington College of Business Administration.

48. In June 2003, the undersigned obtained a Juris Doctor, cum laude, from the University of Puerto Rico School of Law.

49. The undersigned was admitted to the Puerto Rico Bar and sworn in by the Supreme Court of Puerto Rico on January 26, 2004 (Bar No. 14,860).

50. The undersigned was authorized to practice as a notary public in Puerto Rico on March 11, 2004.

51. The undersigned was admitted to practice before this Court on June 25, 2004 (USDC No. 221714), and before the United States Court of Appeals for the First Circuit on September 13, 2004 (Bar No. 100945).

52. Since 2004, the undersigned has actively litigated civil cases in federal and Puerto Rico courts.

53. The undersigned has served as counsel in reported cases before this Court and the First Circuit, including Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of Puerto Rico, 255 F. Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of Puerto Rico, 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-Serrant v. Department of Education of Puerto Rico, 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of Puerto Rico, 45 F. Supp. 3d 170 (D.P.R. 2014); and Hernández-Rodríguez v. Commonwealth of Puerto Rico, 764 F. Supp. 2d 338 (D.P.R. 2011).

54. For almost twenty years, counsel has represented families in hundreds of special-

education matters before administrative forums throughout Puerto Rico and in Puerto Rico and federal courts.

55. Counsel has litigated IDEA cases before this Court that resulted in published opinions, including Arroyo-Delgado, Torres-Serrant, Concepción-Torres, and Hernández-Rodríguez.

56. Considering counsel's education, federal and Puerto Rico litigation experience, specialized special-education practice, inflation, and the increased cost of operating a law practice in Puerto Rico, an hourly rate of $175.00 is reasonable.

57. Counsel's $175.00 hourly rate falls within the prevailing market range for attorneys in Puerto Rico who litigate specialized IDEA matters.

58. Since the early 2000s, this Court has approved hourly rates of $200.00 or more in comparable litigation. See Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006); González v. Puerto Rico Department of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998).

59. Counsel's requested rate of $175.00, billed in one-tenth-hour increments, is reasonable in light of his experience, specialized practice, and established record.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request that this Court enter judgment in their favor and award the reasonable attorney's fees and costs incurred in administrative due-process case number QEE 2526-05-07-00064, together with the additional reasonable attorney's fees and costs incurred in prosecuting this federal action through final resolution and grant any other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of October 2026.

/s/ Francisco J. Vizcarrondo Torres
Francisco J. Vizcarrondo-Torres
USDC No. 221714
PO Box 270302
San Juan, Puerto Rico 00928-3102
Tel. 787-296-9521
fvizcarrondo@fjvtlaw.com
www.fjvtlaw.com